### HARRIS v. HARRIS.
### No. 11148.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 23, 1952.

Decided Feb. 28, 1952.

Rehearing Denied April 10, 1952.

Mr. Stanley E. Otto, Washington, D. C., for appellant.

Mr. Harry L. Ryan, Jr., Washington, D. C., with whom Mr. Burritt Howell Hill, Jr., Washington, D. C., was on the brief, for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Joshua Harris, deceased, by his last will and testament disposed of real and personal property to a sister, Lillie Harris, "subject only to the Dower right of my wife, Sadie Beatrice Harris." Lillie Harris was appointed executrix. She died pending administration of the estate and an administrator *de bonis non, cum testamento annexo,*

Stanley E. Otto, was appointed. Mr. Otto petitioned the court for instructions because of a controversy between Sadie Beatrice Harris, appellee, and Mary Ella Harris, appellant, as to which is the widow. Mary Ella Harris had been married to the decedent in 1917.· They separated permanently in 1922. In 1935 a divorce proceeding instituted by him in Virginia resulted in a final decree which purported to dissolve this marriage. Mr. Harris married Sadie Beatrice Harris in 1936 and they lived together as husband and wife until 1947, when they separated. He died in 1948. Sadie Beatrice Harris had previously been married in 1913, to Owen D. Redmond. He lived until 1941, but there is some indication he had disappeared in 1917. There appears to have been no dissolution of the Redmond marriage prior to his death, though in 1935 his wife employed an attorney to obtain a divorce and he advised her, she asserts, that Redmond was presumptively dead and that she accordingly had the status of a single person.

The matter was heard on the petition of the administrator for instructions, the answers of both Mary Ella Harris and Sadie Beatrice Harris, a report of the administrator, and testimony taken in open court. The court held that the judgment of the Virginia court in 1935 purporting to grant Harris a divorce from Mary Ella Harris was presumably valid. The court pointed out that she knew about this divorce shortly after it was obtained and had never taken steps to attack it. Further, though served with process in January, 1949, in connection with administration of the estate, she took no steps therein until the proceedings of the administrator for instructions, notwithstanding the petition for probate previously served upon her set forth the recital in Harris' will that Sadie Beatrice Harris was his wife. The court held that decedent became married to Sadie Beatrice Harris June 14, 1936, and was survived by her as his widow. The administrator was instructed accordingly.

Appellant contends that she is the widow by reason of the invalidity of the Virginia decree. The basis of this asserted invalidity is that the Virginia court never acquired jurisdiction to dissolve her marriage because decedent had not been a resident· of Virginia for the requisite period prior to instituting the divorce proceedings.

We construe the action of the District Court as a ruling that the Virginia decree was presumably valid because appellant's conduct thereafter, with knowledge of the decree, constituted laches and barred her from contesting its validity.

■ The facts justified the court's conclusion with respect to laches. The intervening death of decedent made it more difficult for appellee to defend the Virginia proceedings insofar as their validity turned upon the critical facts regarding decedent's residence or domicile. Further, decedent's will evidenced an understanding on his part that appellee would be provided for as his widow. Otherwise he might well have made other provision for her. These factors, coupled with the long lapse of time, are adequate support for the decision.

■ In view of the foregoing it is unnecessary on this appeal to go into the question of the validity of Harris' marriage to the appellee. Since the appellant, by reason of the foregoing, is not herself in a position to question the Virginia decree dissolving the marital bonds between Mr. Harris and herself, her standing in the litigation is at an end, Bunker v. Jones, 1950, 86 U.S.App. D.C. 231, 236, 181 F.2d 619, 624, and there is no other contestant before us.

Affirmed.

## On Petition for Rehearing

Appellant urges in a petition for rehearing, *inter alia*, that we failed to rule upon her contention that the defense of laches was not included in the pre-trial order of the District Court and accordingly that court erred in basing its decision on appellant's laches in attacking the Virginia decree. See Rule 16, Fed.R.Civ.P., 28 U.S. C.A.

■ This point was raised for the first time on appeal. Testimony relevant to laches was adduced without objection at the trial by both appellant and appellee. The court made an oral ruling, predicated

upon laches, at the conclusion of the trial. Nothing in the record indicates that objection was made that the court had deviated from the pre-trial order.

By reason of the foregoing we are not required to review the error asserted, and the circumstances do not persuade us to do so in the exercise of our discretion. See Commentary, 4 F.R.S. 16.3, at p. 906; Smith Contracting Corp. v. Trojan Const. Co., 10 Cir., 1951, 192 F.2d 234. Compare Montgomery v. Virginia Stage Lines, Inc., 1951, 89 U.S.App.D.C. 213, 191 F.2d 770.

The petition for rehearing is denied.