SKUTA *v.* HRIBEK.

1. APPEAL AND ERROR—NONJURY CASE—COURT RULE—FINDING OF FACTS.

 Finding of fact by trial court in a nonjury case will not be disturbed on appeal where there is evidence to support his finding and it is not clearly erroneous (GCR 1963, 517.1).

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —AGENT.

 Testimony of husband of plaintiff was not inadmissible in suit by plaintiff, niece of deceased elderly bachelor, against defendant sister of deceased and defendant administrator of estate of deceased to determine ownership of proceeds of a life insurance policy and credit union saving account because husband's testimony was equally within knowledge of deceased, where he was agent of deceased, not of plaintiff niece; was not a party to the action, and the record does not disclose that he had any pecuniary interest in its outcome (CLS 1961, § 600.2160[2]).

Appeal from Saginaw; Huff (Eugene Snow), J. Submitted Division 2 May 11, 1966, at Lansing. (Docket No. 196.) Decided June 28, 1966.

Complaint by Marie Skuta against Frances Hribek and Henry Hribek to determine ownership of proceeds of a life insurance policy and a credit union

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 839.
[2] 58 Am Jur, Witnesses §§ 175, 176.

saving account. Judgment for plaintiff. Defendants appeal. Affirmed.

*van Benschoten & van Benschoten,* for plaintiff.

*John W. Piggott,* for defendants.

QUINN, J. This action was brought by plaintiff to determine the ownership of the proceeds of a life insurance policy issued to her uncle, Joseph J. Miller, and the ownership of funds in a credit union savings account held by Saginaw Eaton Federal Credit Union and originally standing in the name of Joseph J. Miller. The insurer, Equitable Life Assurance Society of the United States, and the credit union were originally named as defendants, but each disclaimed any interest in the funds involved, paid them into court and was dismissed. Defendant Frances Hribek, a sister of Joseph J. Miller and mother of plaintiff, was the original beneficiary of the insurance policy involved. Defendant Henry Hribek would be entitled to the savings account as administrator of the intestate estate of Joseph J. Miller, if plaintiff is not the legal joint and surviving owner of such account. Plaintiff claims as beneficiary of the insurance policy and as a joint surviving owner of the savings account, to which positions she was named by her husband, Joe Skuta, acting under authority of a written, signed request by Joseph J. Miller so to do and a general power of attorney from the latter. Plaintiff had judgment in the trial court and defendants appeal.

The appeal questions the legal sufficiency of these transfers to plaintiff and challenges the propriety of her husband's testimony at trial, claiming it should have been barred by the dead man's statute.[1]

---

[1] CLS 1961, § 600.2160 (Stat Ann 1962 Rev § 27A.2160).

Joseph J. Miller was a bachelor. He entered a hospital in Saginaw early in 1961 and remained there until his death April 16, 1961. He left surviving him a sister, defendant Frances Hribek, and her 10 children. March 25, 1961, at the request of Miller, plaintiff wrote in longhand exhibit 1,[2] which Miller signed twice. The only persons present at this transaction were plaintiff, her husband and Miller. At the latter's direction, Joe Skuta took exhibit 1 to Miller's attorney for a determination of the legal sufficiency of exhibit 1 to accomplish its purported purpose. In response to this visit, the attorney drafted a general power of attorney (exhibit 2)[3] from Miller to Joe Skuta, which the former

---

[2] "March 25, 1961. I request to have Marie Skuta, my niece, as beneficiary on policy no S-578 Eaton Mfg. Co. and on my Credit Union savings.

Policy no C-316 365-A.H. 316 365 World Ins.
Policy no 822754—Federal Life
Policy no 469 48—Mich. Life

(Signed)  Joe Miller
         Joe Miller"

[3]

"Saginaw, Michigan
March 28, 1961

*Power of Attorney*

"KNOW ALL MEN BY THESE PRESENTS, That I, Joseph J. Miller, of 2023 North Washington avenue, Saginaw, Michigan, have made, constituted and appointed, and by these presents, do make, constitute and appoint. MR. JOE SKUTA, of Route 1, Pinconning, Michigan, my true and lawful ATTORNEY for me and in my name, place and stead, to sign for me and receive any and all checks, drafts, stocks, bonds or other instruments that I may be entitled to;

"To receive any money from any bank or any other person or corporation that may be due me from any source whatsoever; to execute any and all deeds, bills of sale, agreements or other instruments, that may be necessary to transact any business for me that the said JOE SKUTA, deems necessary.

"And I hereby give and grant unto JOE SKUTA, my said ATTORNEY, full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully and to all intents and purposes as I might or could do myself if personally present, with full power of substitution and revocation hereby ratifying and confirming all that my said attorney or agent substitute shall lawfully do or cause to be done by virtue hereof.

executed at the hospital March 28, 1961, and which Skuta used the next day to make plaintiff the sole beneficiary of the insurance policy and to place her name on the savings account.

The trial court found that deceased fully understood what he was doing; that he did what he wished to do with his property, and that plaintiff and her husband carried out decedent's instructions in good faith and with his full knowledge, consent and assistance. He further found that exhibit 2, drawn to accomplish the request in exhibit 1, and the actions taken pursuant to exhibit 2 were valid, legal, and in accordance with the wishes and intentions of decedent. The trial court heard the case without a jury; there is evidence to support his findings and they are not clearly erroneous. GCR 1963, 517.1. On this record we decline to disturb the decision of the trial court.

Joe Skuta acted as the agent of deceased, not of plaintiff; his testimony was not barred under CLS 1961, § 600.2160(2) (Stat Ann 1962 Rev § 27A.2160 [2]); *Roach* v. *Plank* (1942), 300 Mich 43. Joe Skuta is not a party to this action, nor does the record disclose he had any pecuniary interest in its outcome; hence his testimony was not barred as the testimony

"In Witness Whereof, I have hereunto set my hand and seal this 28th day of March, 1961.

Witnesses:                                        Joseph J. Miller

State of Michigan } ss
County of Saginaw }

"Be it known that on this 28th day of March, 1961, before me a notary public in and for said county, personally appeared Joseph J. Miller, above named, who is to me known to be the person described in and who executed the above letter of attorney, and acknowledged the same to be his free act and deed.

Notary public-Saginaw Co. Mich.
My commission expires:"

of an opposite party under CLS 1961, § 600.2160(1)
(Stat Ann 1962 Rev § 27A.2160[1]); *Hiles* v. *First
National Bank of Flint* (1927), 237 Mich 278.  It
was not error to receive the testimony of Joe Skuta.

Affirmed, with costs to appellee.

McGREGOR, P. J., and BURNS, J., concurred.