419 P.2d 198

S. C. KELSEY and David E. Sorenson, Plaintiffs and Appellants,

v.

C. Phil HANSEN and Bob Boyer, Defendants and Respondents.

No. 10568.

Supreme Court of Utah.

Oct. 28, 1966.

Richards, Bird & Hart, Salt Lake City, for appellants.

Wilford W. Kirton, Jr., Salt Lake City, for respondents.

HENRIOD, Chief Justice:

Appeal from a judgment on motion for dismissal. Affirmed, with costs to respondents.

Hansen was a real estate broker. Boyer was his agent, the one pursued, because Hansen was thought, without any proof in the record, to be irresponsible and perhaps insolvent.

Everything stems from a poorly executed Earnest Money Agreement in which Kelsey purported to agree to transfer property in an anticipated fourplex construction deal. Both Hansen and his agent agreed to buy and pay for certain "extras"—drapes and the like.

The record, on evidence that easily could have been believed by the trial court, pointed to a situation where Boyer simply was a boy scout emissary for his employer, Hansen, who later left the realm. There were carpets and drapes unpaid for, which Kelsey now seeks to hold Boyer to account, under the Earnest Money Agreement, lacking access to the real principal in the case, —Hansen.

Suffice it to say, the Earnest Money Receipt, almost illegible and certainly no model of clarity, is claimed to be proof of Boyer's liability. It had a provision that the ultimate conveyance would be made to a transferee in the name of "to be arranged." The conveyance actually was made by warranty deed to Hansen, the ethereal grantee, who took off in thin air, and therefore precipitated this suit. The theory is that the deed to Hansen was not decisive of Boyer's commitment to buy and pay extras. We think it was, and that a merger resulted, especially since the Earnest Money Receipt also said that "it is further agreed that execution of the final contract shall abrogate this Earnest Money Receipt." We have difficulty in seeing why a warranty deed to Hansen should not abrogate the preliminary, loosely drawn and almost incoherent Earnest Money Receipt, and thus merge what really amounted only to signed notes of a contemplated future transaction for a deed, voluntarily executed, subject to and actually recorded under conceded recording procedures, which was accomplished and sanctioned by legislative authority.

The cases cited by appellant re non-merger and some sort of collateral, over-reaching incumbency to respond after this deed was delivered, are not compelling, but represent an attempt to under-reach what we have always thought would be an ultimate conversion, incorporation and merger of preliminary haziness or indecision. There might be cases that could cut through such a case, in equity, for fraud, mistake and the like, but not under the circumstances of this case, where no such equities are pleaded, and even so, are not evident in the record. Boyer received nothing from the transaction, and was not named as a party to the final deed.

McDONOUGH, CALLISTER, CROCKETT, and TUCKETT, JJ., concur.