YETTA B. REINSTEIN *v.* MERIDEN TRUST AND SAFE
DEPOSIT COMPANY, ADMINISTRATOR (ESTATE
OF MORRIS REINSTEIN), ET AL.

SUPERIOR COURT  NEW HAVEN COUNTY  FILE No. 107421
AT NEW HAVEN

Memorandum filed May 8, 1967

*Wofsey, Rosen, Kweskin & Kuriansky,* of Stamford, for the plaintiff.

*Luby & Olson,* of Meriden, for the named defendant.

*Nathan G. Sachs* and *Winnick & Winnick,* of New Haven, for the defendant Jane B. Reinstein.

DEVLIN, J. The plaintiff and the decedent, Morris Reinstein, were married in New York on September 29, 1916. They had two daughters, issue of their marriage, and resided together in New York until the summer of 1943, when the decedent left and secured employment as a furrier in New Haven, Connecticut. In 1944, he made the acquaintance of defendant Jane Barzune Reinstein and in October he left for Florida. He secured employment as a furrier with the LaBelle Fur Company in Orlando and on January 23, 1945, commenced an action for divorce against the plaintiff. She received notice and engaged New York counsel to take care of the matter. No appearance or consent to the jurisdiction of the Florida court was filed. On March 13, 1945, a decree of divorce was granted, and on March 15 the decedent returned to New Haven. On April 15, 1945, the defendant Jane Barzune Reinstein and the decedent were married in New Haven. They continued to be employed in New Haven until 1955, when they moved to Meriden, Connecticut, and

conducted their own business. Apparently their joint endeavors proved profitable, and upon his death on January 1, 1965, the decedent left a sizable estate.

In this declaratory judgment action, the plaintiff seeks a finding that the Florida divorce was a colorable one and did not dissolve the marital relationship, and that when Morris Reinstein died on January 1, 1965, she was his widow. The defendant Jane Barzunc Reinstein has set up a special defense of laches.

The validity of a judgment of divorce granted in another state may be attacked collaterally on the ground that the court lacked jurisdiction. *Williams* v. *North Carolina,* 325 U.S. 226; *Hooker* v. *Hooker,* 130 Conn. 41. The principal issue presented in this case is whether the plaintiff should be barred from bringing the action by the doctrine of laches.

Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. *Bahr Corporation* v. *O'Brion,* 146 Conn. 237, 249; *Mills* v. *Mills,* 119 Conn. 612, 621. This presents a question of fact. *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 684.

The divorce was granted in March of 1945, and the plaintiff knew of it and of the subsequent remarriage. It is also apparent that she knew where her husband was residing and continued to reside until his death. Her daughters knew of the situation and made frequent visits to see him in Connecticut. There was nothing to foreclose the plaintiff from securing support or setting aside the judgment during all of this time. It was not until the death of her husband, over twenty years later, and after apparently learning of his estate, that she decided to take action. No credible evidence was submitted

justifying such an inexcusable delay. *Harris* v. *Harris,* 196 F.2d 46 (fourteen years); *Maples* v. *Maples,* 187 Ark. 127 (fourteen years); *Bussey* v. *Bussey,* 95 N.H. 349 (nineteen years).

Was the position of the defendant Jane Barzune Reinstein disadvantaged by reason of the delay? Claim is made that the decedent went to Florida for the sole purpose of getting a divorce and not for a vacation as claimed; that she knew he was going to Florida for the sole purpose of getting a divorce; that she arranged to get depositions in order to facilitate the divorce; that her having lived with him as his wife while he was there branded her conduct as reprehensible; and that she was not entitled to any equitable consideration. Reliance is placed upon the cases of *Santangelo* v. *Santangelo,* 137 Conn. 404, 409, and *Mills* v. *Mills,* 119 Conn. 612, 621. The factual situations are not similar. In the former, the action was started ten years after the divorce, but the plaintiff (wife) was in a foreign country without funds and Italy was at war, either in Africa or in Europe, for nearly the whole period. It also appeared that the defendant had a child by his second wife before their marriage. In the latter case, the court found that the rights of the defendant were not prejudiced where the divorce was granted in January, 1932, the second marriage took place in February of the same year, and the former wife brought her action to set it aside in March of 1933.

There was no evidence in this case to support a finding of an adulterous relationship between the decedent and the defendant Jane Barzune Reinstein. His purpose in going to Florida and his intention after securing the divorce are matters pertinent and essential in an action of this type. His death made it more difficult to defend, not only as to the

critical facts regarding his residence or domicil but also as to the claimed misconduct. *Harris* v. *Harris,* supra; *Pryor* v. *Pryor,* 240 Md. 224.

It is also essential in this type of case that the moving party is acting from good motives and not from any expected personal advantage. It was only after the death and the possibility of her sharing in the estate that the plaintiff sought to take advantage of facts within her knowledge for over twenty years.

The plaintiff has not established her claim with the more credible evidence, and a finding is made that at the time of the death on January 1, 1965, the defendant Jane Barzune Reinstein was the widow of Morris Reinstein.