## OSBORN *v.* RECKER

AUTOMOBILES—NEGLIGENCE—TRIAL COURT—FINDINGS OF FACT—PRIN-
CIPAL AND AGENT.

> The determination of whether an agency relationship exists be-
> tween two defendants is a determination of fact which, unless
> clearly erroneous, will not be disturbed on appeal (GCR 1963,
> 517.1).

Appeal from Mecosta, Harold Van Domelen, J.
Submitted Division 3 March 12, 1969, at Grand
Rapids. (Docket No. 5,376.) Decided March 28,
1969.

Complaint by Marjorie Osborn and Vern A. Os-
born, and Citizens Mutual Insurance Company,
against Larry Joe Recker and Kraft Foods, a divi-
sion of National Dairy Products Corporation, for
damages resulting from an automobile collision.
Judgment for plaintiffs against both defendants.
Defendant Kraft Foods appeals. Affirmed.

*William A. Harper,* for plaintiffs.

*Wheeler, Upham, Bryant & Uhl,* for defendant.

BEFORE: McGREGOR, P. J., and R. B. BURNS and
DANHOF, JJ.

---

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal & Error § 841.

Per Curiam. Plaintiff, Marjorie Osborn, was injured in a collision with a milk truck driven by defendant, Larry Joe Recker. Thereafter, plaintiffs commenced a suit for damages against defendants. Trial was held in circuit court without a jury and the judge found defendant Recker's negligence the sole proximate cause of plaintiffs' injuries. Further, the judge found that at the time of the collision a principal and agent relationship existed between defendant Recker and defendant Kraft Foods, Inc. Accordingly, judgment was entered jointly against the defendants. From this judgment Kraft Foods appeals solely on the issue whether the court erred in finding that an agency relationship existed.

The trial court made findings of fact which, unless clearly erroneous, are binding upon this Court. A review of the exhibits and testimony supports the findings of the trial court and are sufficient to support the legal conclusion of the existence of an agency relationship. *Van Pelt* v. *Paull* (1967), 6 Mich App 618; GCR 1963, 517.1; *Skuta* v. *Hribek* (1966), 3 Mich App 633.

Affirmed with costs to appellees.