THOMAS v. GRAY

1. JUDGMENT—MODIFICATION OF JUDGMENT—PLEADING—PRETRIAL CONFERENCE—TRIAL.

Denial of defendants' motion to amend a judgment, part of which was given for permanent injuries, *held* proper even though plaintiffs' counsel stated at the pretrial conference that there was no permanent disability, where an allegation of permanent disability was contained in the pleadings and was not expressly waived at the pretrial conference, and defendant did not object at trial to the introduction of evidence concerning permanent disability (GCR 1963, 301.3).

2. ACTION—PRETRIAL SUMMARY—MODIFICATION.

The modification of a pretrial summary to prevent manifest injustice is a matter addressed to the sound discretion of the trial court.

Appeal from Alpena, Philip J. Glennie, J. Submitted Division 3 May 7, 1969, at Grand Rapids. (Docket Nos. 5,855, 5,856.) Decided August 27, 1969.

REFERENCES FOR POINTS IN HEADNOTES
[1] 46 Am Jur 2d, Judgments §§ 679–684, 708.
[2] 53 Am Jur, Trial §§ 8, 11.

Complaints by Howard A. Thomas, Sr., as guardian of Howard Allen Thomas, Jr., a minor, and for himself against Ted R. Gray and Lois Allison Gray for damages resulting from Howard Allen Thomas, Jr. being struck by defendants' automobile. Cases consolidated for trial. Judgment for plaintiff. Defendants appeal. Affirmed.

*Donald K. Gillard,* for plaintiffs.

*Clare L. Gillett,* for defendants.

Before: J. H. GILLIS, P. J., and R. B. BURNS and V. J. BRENNAN, JJ.

J. H. GILLIS, P. J. Howard Allen Thomas, Jr., was injured when he was struck by a car driven by defendant Lois Gray. Howard, then five years old, was crossing the parking lot of the Alpena General Hospital in the company of his two older brothers. He was struck as defendant was driving past an aisle of parked cars.

Howard Thomas, Sr., brought an action on behalf of his son for injuries suffered and in his own name for his expenses. The cause was heard by Alpena County Circuit Judge Philip J. Glennie. The court made awards in the amount of $15,000 for permanent disability, $7,500 for pain and suffering and $3,967.25 as expenses to Howard Thomas, Sr.

Defendants appeal the trial court's denial of their motions for new trial or for modification of judgment on the ground that the award for permanent injury was error. Defendants also contend that the judgment was against the great weight of the evidence and that there was insufficient evidence to sustain a finding that defendant* was guilty of neg-

---

* "Defendant" hereafter refers to defendant Lois Gray; "plaintiff" refers to plaintiff Howard Allen Thomas, Jr.

ligence. Defendants rely on the variance of the testimony of the injured boy's brother at trial with that contained in a deposition taken prior to trial.

The trial court found from the testimony that defendant was negligent in failing to observe plaintiff. The finding was supported by the evidence and after a review of the record we cannot say that it was clearly erroneous. GCR 1963, 517.1; *Skuta v. Hribek* (1966), 3 Mich App 633.

Pursuant to GCR 1963, 301, the trial court conducted a pretrial conference. At that time, the following inquiry was made:

> "*The Court:* Permanent disability in this case?
> "*Mr. Gillard (counsel for plaintiffs):* No, there is some disfigurement, but no permanent physical as to—
> "*The Court:* Is this the boy that got injured there in the hospital—
> "*Mr. Gillard (interposing):* Not the hospital, the parking lot. At an age where he mended."

In the pretrial summary rendered pursuant to GCR 1963, 301.3, the trial court included, as an element of injuries and damages, "serious and permanent, painful and disabling injuries of head, face, jaw, teeth, pelvis, ribs, multiple lacerations and bruises." Upon objection by defense counsel, the word "permanent" was deleted from the statement of injuries and damages, the conclusion to which was also amended to read, "but no permanent disability."

Nevertheless, evidence was introduced at trial, without objection, that plaintiff had suffered permanent injuries and disability. As a consequence, the trial court made the following finding:

> "The evidence likewise discloses disability in the loss of a tooth, scar on his lip, a strong possibility

of future dental difficulties, and a speech defect. He is bound to have expense for dental care in the future. In the event that a speech defect should develop, it might well have a bearing on future income. For permanent disability, I determine the damages to be the sum of $15,000."

Defendants contend that the issue of permanent disability was removed from consideration at the pretrial conference as evidenced by the amended pretrial summary. They state in their brief:

"At no time thereafter did plaintiff counsel move to reinject this issue into the case, and relying on the elimination of the issue, no physical examination was requested in behalf of defendants.

"In the case at bar, the findings of the Court with regard to permanent disability was [sic] clearly erroneous as there was no issue involving this point."

Defendants' point is well taken, but the trial court's denial of defendants' motion to modify the judgment was not error. GCR 1963, 301.3 provides:

"No party shall be deprived of the right to present competent proof at the trial in support of any issues raised in the pleadings *unless such issues have been expressly waived at the pretrial conference and such waiver is recorded in the said summary of results.*" [Emphasis supplied.]

As stated in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 7, 8:

"The court's pretrial summary is an important document, which will control the future course of the trial insofar as it contains admissions or limitations of issues to be presented for trial.  *  *  *

"Facts which are noted as admitted in the pretrial summary need not be supported by proof at the trial. *Proof will not be accepted on issues eliminated by the pretrial summary, unless the summary*

has been modified at or before the trial to prevent
manifest injustice. However, the pretrial summary
will be deemed to have been modified if evidence
outside the issues framed by the summary has been
admitted without objection during the course of the
trial." [Emphasis supplied.]

The rule stated is in accord with the prevailing
practice in the federal system under Fed Rule Civ
Proc 16, governing pretrial procedure:

"[T]he pretrial order is ordinarily binding on
the parties; if it were not, the pretrial conference
would lose much of its effectiveness. The court
may, however, modify the order if satisfied that it
should do so 'to prevent manifest injustice.' Decid-
ing these cases involves more than weighing the
possible hardships imposed on the respective par-
ties by allowing or refusing to allow the order to
be modified; the court must also balance the need
for doing justice on the merits between the parties
(in spite of the errors and oversights of their
attorneys) against the need for maintaining orderly
and efficient procedural arrangements.    *    *    *
"It is fair to say that while parties should normally
be held to admissions carefully and solemnly made,
on the other hand the pretrial order must not be an
inexorable decree. Designed to promote litigation
on the merits, pretrial must not, of course, be used
to thwart its very objective.

"Failure formally to amend the pretrial order is
not error where the court admits evidence to the
same extent as if the order had been amended." 3
Moore's Federal Practice (2d ed), pp 1136, 1138.

We are concerned about protecting defendants'
reliance on the pretrial statement to frame the issues
to be tried. This is clearly an intended objective
of our pretrial procedure. At the same time, our
primary concern is to see to it that justice prevails.
There was no objection by defense counsel to the

introduction of unrebutted evidence that the child suffered permanent injury. The trial judge concluded that the evidence justified an award therefor.

The modification of a pretrial summary to prevent manifest injustice is a matter addressed to the sound discretion of the trial court. *Bednarsh* v. *Winshall* (1965), 374 Mich 667. The denial of defendants' motion to modify the judgment was not an abuse of discretion. A just finding, framed in the pleadings and supported, without objection, by the evidence, should not be subverted by a procedural infirmity. There being sufficient evidence to sustain an award for permanent disability, the order of the trial court is affirmed. Costs to appellees.

All concurred.