Ronald P. STUBBS, Plaintiff
and Appellant,

v.

Lyman W. HEMMERT and Alta B.
Hemmert, his wife, Defendants and
Respondents.

No. 14801.

Supreme Court of Utah.

July 13, 1977.

George M. McCune, McCune & McCune, Provo, for plaintiff and appellant.

Dale M. Dorius, Brigham City, for defendants and respondents.

WILKINS, Justice:

Plaintiff brought an action of foreclosure on a promissory note secured by a mortgage on commercial real property in Santaquin, Utah. Defendant counterclaimed, praying among other things, for damages for plaintiff's wrongful removal of two air compressors from the building. (Defendant is referred to in the singular as Alta B. Hemmert is deceased).

All issues were resolved at the pretrial conference with the exception of those arising out of defendant's counterclaim and the amount allowable to plaintiff as attorney's fees on the foreclosure. On the trial of those issues, the Fourth District Court, Utah County, sitting without a jury, found that plaintiff was liable for the removal of the two air compressors, and awarded damages to defendant for their value in the amount of $200. The Court also awarded $150 to the plaintiff, as attorney's fees.

Plaintiff appeals, seeking to strike the award of $200 to defendant and to increase his award of attorney's fees.

Plaintiff cites as error the Court's admission of the earnest money and exchange agreement arguing that the terms of the agreement were merged into and extinguished by the subsequent delivery of the deed to the defendant.

■ The doctrine of merger, which this Court recognizes,[1] is applicable when the acts to be performed by the seller in a contract relate only to the delivery of title to the buyer. Execution and delivery of a deed by the seller then usually constitute full performance on his part, and acceptance of the deed by the buyer manifests his acceptance of that performance even though the estate conveyed may differ from that promised in the antecedent agreement.[2] Therefore, in such a case, the deed is the final agreement and all prior terms, whether written or verbal, are extinguished and unenforceable.

■ However, if the original contract calls for performance by the seller of some act collateral to conveyance of title, his obligations with respect thereto survive the deed and are not extinguished by it.[3] Whether the terms of the contract are collateral, or are part of the obligation to convey and therefore unenforceable after delivery of the deed, depends to a great extent on the intent of the parties with respect thereto. When seller's performance is intended by the parties to take place at some time after the delivery of the deed it cannot be said that it was contemplated by

1. *Reese Howell Co. v. Brown*, 48 Utah 142, 158 P. 684 (1916).

2. See generally, 84 A.L.R. 1008 and 38 A.L.R.2d 1131.

3. 38 A.L.R.2d 1131, Sec. 2.

the parties that delivery of the deed would constitute full performance on the part of the seller, absent some manifest intent to the contrary.[4]

In this case, the parties executed an earnest money and exchange agreement which provides that the seller could remove from the building "all equipment and shelving" except the "two walk-in coolers with their cooling equipment."

It is clear from the testimony that the parties intended that plaintiff should be allowed to leave his equipment and shelving in the building until after the delivery of the deed, and that he would have the right to re-enter the property and remove it when he wished. When he did so, two air compressors, which were an essential part of the cooling equipment for the walk-in coolers, were also removed contrary to the terms of the contract.

It is clear that the agreement with respect to the compressors was collateral to the agreement to convey real property, and that delivery of the deed was less than full performance of seller's obligations. The terms of the contract were not extinguished, and the Court did not err in admitting the agreement in evidence.

Plaintiff's second point is that the Court erred in awarding defendant an offset of $200 as damages for the two air compressors, together with interest from date of removal. The Court followed the majority rule in the United States for measuring damages for wrongful removal of fixtures attached to real property, which is the value of the fixture in its condition at the time of its removal.[5]

In so fixing the damages, the Court deviated from its pretrial order which set the issue as: "Whether or not the value of the mortgaged property set forth above was reduced by removal of two air compressors from the building of said premises, whether said removal was wrongfully done by plaintiff, and if so, *the amount in which the market value of said property was reduced by said wrongful removal.*" (Emphasis added.)

Rule 16 of the Utah Rules of Civil Procedure provides that the pretrial order when entered, controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. This court has held that it is not error for the trial Court to refuse to admit evidence on issues outside the scope of the pretrial order, upon objection thereto by the opposing party,[6] or to allow amendment of the order when motion therefor has been properly made.[7] In this case, however, no objection was made to the introduction of the evidence on which the Court based its finding of fact. The evidence was introduced by the plaintiff himself on direct examination of his own witness. A party may not introduce evidence and later complain that its admission is error.[8]

Rule 16 must be read in light of Rule 15(b), U.R.C.P., which provides for liberality in allowing amendment of the pleadings to conform to the evidence. Where no objection has been made to the introduction of the evidence it is deemed that the Court modified the pretrial order as a matter of its own discretion.[9]

Plaintiff's third point is that the Court erred in awarding defendant dam-

4. In the case of *Kelsey v. Hansen*, 18 Utah 2d 226, 419 P.2d 198 (1966), this court held that a provision in the earnest money agreement that seller would provide drapes in residential property was extinguished by execution of the final contract (the deed) as said agreement so provided. There is no such provision here.

5. See 22 Am.Jur.2d 206, Damages Sec. 142.

6. *Kaiser Aluminum and Chemical Sales, Inc. v. Lords*, 23 Utah 2d 152, 460 P.2d 321 (1969).

7. *Page v. Home Fire Insurance Co.*, 15 Utah 2d 257, 391 P.2d 290 (1964).

8. See *Payson v. Cohen*, 158 Me. 297, 183 A.2d 510 (1962); *Harris v. Harris*, 90 U.S.App.D.C. 239, 196 F.2d 46 (1952).

9. *Arizona State Highway Dept. v. Bechtold*, 105 Ariz. 125, 460 P.2d 179 (1969); *Thomas v. Gray*, 19 Mich.App. 90, 172 N.W.2d 50 (1969). See also The Hon. Sherman A. Christenson, "The Pretrial Order," 29 F.R.D. 362.

ages for the removal of the two compressors when the compressors had been returned to the building by the plaintiff, arguing that equity will not permit the defendant to have double satisfaction. Plaintiff states in his brief that the testimony is not clear as to what the plaintiff did with the compressors after their removal, but that the fact that they were in the building at the time of the trial can be "inferred" from certain testimony. We find no evidence that the plaintiff returned the compressors to the store, and this Court cannot "infer" error on the part of the District Court for failure to take cognizance of evidence not presented to it.

Plaintiff cites many cases and other authorities in support of his contention that the Court erred in awarding insufficient attorney's fees. Attorney's fees are chargeable to an opposing party only if there is a contractual or statutory liability therefor.[10] Here, contractual liability is involved and the Court properly awarded plaintiff his fees for the foreclosure.[11] Plaintiff's attorney testified that he had expended 3⅜ hours on the collection and foreclosure action. The remainder of his time appears to have been concerned with the negotiation and defense of the counterclaim. The foreclosure action was fully settled at the time of the pretrial conference and none of the time at trial can be considered to have been expended for the collection of the note. The attorney further testified that the usual fee charged by attorneys in the community is $35 an hour, and ranges upward to $52. On that basis the Court's award of attorney's fees was reasonable.

The plaintiff was not successful in his defense of the counterclaim and that counterclaim did not relate to collecting the note nor to the foreclosure of the property. We see, therefore, no error in this case in the amount which the Court awarded for attorney's fees to plaintiff.

Affirmed. Costs awarded to defendant.

ELLETT, C. J., and CROCKETT, MAUGHAN, and HALL, JJ.

---

10. *Walker v. Sandwick*, Utah, 548 P.2d 1273 (1976).

---

11. Both the note and mortgage provide for payment of attorney's fees if suit were brought for collection of the debt.