377 P.2d 495

**M. S. ROSS and Jessie L. Ross, d/b/a Ross Construction Company, Plaintiffs and Appellants,**

**v.**

**Jack LEFTWICH and Mark Leftwich, d/b/a Leftwich Construction Company, and United Pacific Insurance Company, a corporation, Alta Ditch and Canal Company, a corporation, and Orem City Metropolitan Water District, a corporation, Defendants and Respondents.**

No. 9638.

Supreme Court of Utah.

Jan. 8, 1963.

Marr, Wilkins & Cannon, Richard H. Nebeker, Salt Lake City, for appellants.

Raymond M. Berry, Salt Lake City, Howard & Lewis, Provo, for respondents.

CALLISTER, Justice.

This is an action for money allegedly due from rental of construction equipment. Plaintiffs' complaint was dismissed as to all defendants. However, plaintiffs appeal the dismissal only as to Leftwich Construction Company, a partnership, and United Pacific Insurance Company. The counterclaim of the Leftwich partnership was also dismissed, but no appeal therefrom has been taken.

Mrs. Ross was the principal witness on behalf of herself and her husband. The latter was incapacitated and could not appear as a witness at the trial nor submit to a deposition prior thereto.

According to Mrs. Ross, her husband and the Leftwiches had prior dealings in the construction business (one of which was a basis for the counterclaim) in which they had joined effort and equipment. At the time the "Alta Ditch job" was up for bid, Jack Leftwich discussed the same with Mr. Ross. The latter gave Leftwich a check for $500 to be used as a bid guarantee and agreed that he would furnish certain heavy construction equipment to be used on the job if the Leftwich bid was accepted.

Mrs. Ross further testified that shortly thereafter Mr. Ross suffered a stroke and was unable to operate his equipment or conduct business affairs. Jack Leftwich approached her and discussed the possibility of leasing the equipment. She agreed to lease the equipment, which he informed her he would need, and told him that she would check out the equipment when it left the yard and check it back in when it was returned. No discussion was had at

this time as to the rent which was to be charged.

At the close of plaintiffs' case the lower court granted a motion to dismiss. Plaintiffs made a motion to reopen which was denied. The defendants Leftwich then put on evidence as to their counterclaim, which was then dismissed.

The lower court entered findings of fact in which it found, among other things, that there was not sufficient evidence to show that the plaintiffs were partners; that during the course of construction of the "Alta · Ditch job" Jack Leftwich obtained certain equipment owned by M. S. Ross; that there was no evidence pertaining to what equipment, if any, was used by Jack Leftwich on the "Alta Ditch job"; that there was *no* evidence as to the nature of the agreement by which Jack Leftwich obtained the equipment; that there was *no* evidence of an oral contract between plaintiffs and Leftwich; and that plaintiffs had failed to prove an agreed or reasonable rental for the use of the equipment.

▇▇▇ Much of the trial was taken up in an effort to prove the existence of a partnership between Mr. and Mrs. Ross. It was the contention of the defendants that this had to be proven in order to establish the authority of Mrs. Ross to enter into a contract. However, we agree with plaintiffs that the existence of a partnership in the instant case was not a prerequisite to their recovery. It is a well-established rule that a bailee cannot set up a lack of authority or title in the bailor for the purpose of gaining some advantage for himself.[1] The defendants Leftwich should have been estopped to deny the authority of Mrs. Ross to lease the equipment which would have the effect of granting them the use of the equipment without cost.[2]

▇▇▇ Under plaintiffs' evidence, it is true that no agreed rental was proved. However, where a contract is made to lease equipment and no rental value is agreed upon, the law will presume that a reasonable rental value was intended.[3] In the instant case, the plaintiffs endeavored, by means of an expert witness, to prove what would be the reasonable rental value of the equipment in Utah. This evidence was objected to on the ground that it was immaterial, that "The question is what they agreed on." The lower court erroneously sustained this objection, thus preventing the plaintiffs from showing reasonable rental value.

▇▇▇ We think the lower court erred in finding that there was no evidence of an oral contract or the nature of the agreement. An examination of the record shows an introduction of evidence on these mat-

1. 6 Am.Jur., Bailments, Sec. 97.
2. 43 A.L.R. 150.

3. 12 Am.Jur., Contracts, Secs. 70, 324.

ters. Whether the court believed the evidence is another matter, but the fact remains that there is evidence as to the agreement under which the defendants Leftwich obtained the equipment and the items of equipment which were obtained. Mrs. Ross testified that she made an oral agreement with Jack Leftwich regarding the use of the equipment in question. She testified that she told him to take the equipment and she would go down to the yards each night to ascertain if the equipment was out, and if so, she would charge him for it. She further testified that a few nights later she checked the equipment yard and the items requested by Jack Leftwich were not there. She also testified that she later had a conversation with Jack Leftwich in which he stated that he still had the equipment. This evidence tends to establish that the defendants Leftwich had the equipment (as found by the court) pursuant to an oral agreement with Mrs. Ross.

With respect to the lack of proof that the equipment was used on the "Alta Ditch job," this affects, under the status of this appeal, only the defendant, United Pacific Insurance Company. After plaintiffs had rested and motions to dismiss were made, the court indicated that there was no proof that the equipment had actually been used on the "Alta Ditch job." Thereupon, counsel for plaintiffs moved to reopen for the purpose of supplying such proof. Inasmuch as the motion was timely made and the evidence adduced strongly inferred that the equipment had been used on that particular job, and further, that the defendants would not be placed at a disadvantage, the motion should have been granted.

Reversed and remanded for a new trial. Costs to plaintiffs.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.