450 P.2d 985

E. N. YOUNGREN and Jerry Snider, a co-partnership, dba Youngren & Snider, Plaintiffs and Respondents,

v.

JOHN W. LLOYD CONSTRUCTION COM-PANY, Inc., a Utah corporation, Defendant and Appellant.

No. 11224.

Supreme Court of Utah.

Feb. 27, 1969.

John L. Chidester, Heber, for appellant.

Oscar W. McConkie, Jr., of Kirton & McConkie, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

Plaintiffs Youngren and Snider sued to recover for services rendered to the defendant, Lloyd Construction Company, in crushing aggregate (rock and gravel) for use in highway construction in Wasatch County. After a plenary trial the district court granted judgment for the plaintiffs from which defendant appeals.

The findings of the trial court include the following: (1) That under a written contract dated September 8, 1965, the plaintiffs were to furnish defendant certain quantities and types of crushed gravel valued at $20,000, based on prices set forth in the contract, for which the defendant was to convey to the plaintiffs a D8 13A caterpillar tractor, valued at $10,000, and $10,000 in cash. (2) That the plaintiffs performed by delivering and/or stockpiling ready for pickup by the defendant crushed aggregate worth in excess of the $20,000. (3) That the defendant has paid only the sum of $1992.81. (4) That in addition to the above, the defendant requested the plaintiffs to perform certain extra work, outside the written contract, of the reasonable value of $2968.37.

Based upon those findings the court gave plaintiffs judgment for $8007.19 under the contract, $2968.37 for other services requested and rendered, for a transfer of title to the D8 13A caterpillar tractor; and for the sum of $1200 pursuant to the provision in the contract for reasonable attorney's fees for enforcement.

The defendant makes a general accusation of unfairness against the trial court in refusing, on the day set for trial, his request to amend his pleadings and to have a continuance, except upon condition that he pay $200. The facts are that there had already been considerable delay in getting the case trial; and that on ample notice to the parties, the plaintiffs and their witnesses had traveled a considerable distance to Heber City and were in court and ready to proceed. The judge emphasized the desirability of avoiding further delay, and made the order above stated. In response, defendant's counsel indicated that he elected to go on with the trial. Except for a statement that the order was arbitrary and unreasonable, and that he did not want to be bound by the pleadings, the record does not disclose just what, if any, disadvantage the defendant suffered because of proceeding to trial. Under the circumstances shown we are not convinced that the order was unreasonable or that the defendant was treated unfairly.

■ During the trial the defendant attempted to raise an issue that, due to the moisture content, it had been charged with too much aggregate. Evidence concerning that issue was excluded by the trial court on the ground that it had not been framed in either the pleadings or the pretrial order, and more important, because it was not referred to in the contract. He remarked on the fact that the contract said nothing about moisture content, but " * * * just says so much per ton. It doesn't say net dry ton, or anything else." The parties were well acquainted with this particular gravel pit and they certainly must have known of the condition generally of the materials which came from it. The trial court proceeded on the assumption that any omission should be construed against the defendant, whose attorney drew the contract;[1] and that, consequently, it should have been covered if there had been any concern about the matter.

The court further observed:

I have ruled, in order to make this case move forward, that I am not going to consider, unless, of course, you can demonstrate when it went across the scales it was slopped with many many gallons of water—if you can establish that, that is another matter—but as for run-of-the-mill gravel from a pit with the usual ordinary water content I am not going to consider it. Rightly or wrongly I have ruled on it on the principles of the construction of the contract. So the objection is sustained.

We see nothing unreasonable or unjust in the views thus expressed by the trial court, nor with his procedure in determining the amount of the aggregate delivered on the basis of what the evidence shows to be a reasonable "conversion factor" of 140 pounds weight per cubic foot.

■ Defendant urges that all of the work involved should have been considered as included in the written contract; and that the trial court transgressed the parol evidence rule in allowing testimony about the extra work and allowing compensation therefor. In that regard we acknowledge agreement with these principles: When parties have negotiated on a subject and have thereafter entered into a written contract, it should be assumed that their prior negotiations are fused into the contract so that it represents their full agreement with respect thereto; and that, consequently, after its due execution, extraneous evidence should ordinarily not be permitted to add to, subtract from, vary, or contradict it.[2]

■ On this subject it is appropriate to here note a previous statement of this court, that the parol evidence rule, "while

1. See Continental Bank & Trust Co. v. Bybee, 6 Utah 2d 93, 306 P.2d 773 (1957).

2. 32A, C.J.S. Evidence § 851, p. 211; 30 Am.Jur.2d 149.

simple to state, is often confusing in its application, due largely to misunderstanding of its purposes; that is, attempting to apply a rule rather than a reason."[3] Consistent with that idea that the rule should not be regarded as applicable in rigidity and without exception, but in the light of reason under the particular circumstances, is this thought pertinent here: the fact that the parties have a written contract on a subject does not prevent them from entering into other agreements relating to the same general subject matter. Whether there was such a separate agreement was for the trial court to determine. The evidence justifies his finding that, separate from the rock crushing stipulated in the written contract, the parties agreed upon other services in stripping and stockpiling work to be performed by the plaintiffs and paid for by defendant. This was admitted by Mr. John W. Lloyd himself on cross-examination and without objection. The trial court properly made an award for the reasonable value of such services.[4]

Other points raised by the defendant do not impress us as warranting discussion. It is sufficient to say that in our opinion none of the matters complained of, either singly or cumulatively, so prejudiced the defendant as to deprive it of a fair trial; and that the findings and judgment are amply supported by the evidence.

Affirmed. Costs to plaintiffs (respondents).

CALLISTER, TUCKETT, HENRIOD, and ELLETT, JJ., concur.

3. Garrett v. Ellison, 93 Utah 184, 188, 72 P.2d 449, 451, 129 A.L.R. 666 (1937).

4. Ross v. Leftwich, 14 Utah 2d 71, 377 P.2d 495 (1963).