# 152

460 P.2d 321

**KAISER ALUMINUM & CHEMICAL SALES, INC., Plaintiff and Respondent,**

v.

**Jack E. LORDS, Beth C. Lords and Western States Wholesale Supply, Defendants and Appellants.**

No. 11470.

Supreme Court of Utah.

Oct. 22, 1969.

Horace J. Knowlton, Salt Lake City, for appellants.

Claron C. Spencer and A. Robert Thurman, of Senior & Senior, Salt Lake City, for respondent.

CALLISTER, Justice.

Plaintiff initiated this action against the defendants on their written guarantee for the prompt payment and performance of obligations of Western States Wholesale Supply, a corporation, in which defendants held the positions of president and vice president.

Defendants asserted in their answer that on or about October 1, 1966, plaintiff, through its authorized agent, entered into an accord and satisfaction with the defendants, whereby the plaintiff received a return of its merchandise, which was in possession of defendants and Western, in consideration of the full satisfaction of the indebtedness or obligation of the defendants to plaintiff.

The complaint was filed in January of 1967 and the answer during March of 1967.

A pretrial conference was held in March of 1968, with an order dated April 1, 1968. At the pretrial conference plaintiff contended that after giving credit for all payments and merchandise returned, there remained an unpaid balance of $8265.97. Defendants continued to assert that there had been a full settlement of the account and a release from their guarantee by a return of the merchandise. The pretrial order permitted the plaintiff to file an amended complaint against the corporation, Western States Wholesale Supply; plaintiff subsequently obtained a default judgment against the defendant corporation. The pretrial order listed four issues to be tried in the case; with the subsequent default of the corporation, there remained one issue: "* * * was there an agreement by the plaintiff, upon the return of certain merchandise to release the defendants from any liability on their guarantee for any balance owing to the plaintiff by Western States Wholesale Supply."

The pretrial order further states:

The foregoing order when entered will control the subsequent course of the action, unless modified at the trial to prevent manifest injustice.

Any desired amendments must be moved for in writing within five days of the date of this order.

The jury trial was held July 9, 1968, at which time defense counsel asserted that there was another issue. Defendants did not make a motion to amend the pretrial order but merely submitted an offer of proof. Defendants offered to prove that on November 1, 1965, plaintiff's agent requested that defendant corporation, acting through its president, Jack E. Lords, execute certain promissory notes covering the indebtedness on an open account. Lords inquired what effect the execution of the notes would have upon defendants' personal guarantee of the account. Plaintiff's agent responded that the effect would be to terminate the guarantee upon any indebtedness incurred prior to the execution of the notes, but the guarantee would continue to cover any subsequent indebtedness.

Plaintiff's counsel objected to the interjection of this new issue and claimed surprise; he stated that plaintiff was not prepared to meet the issue.

The court ruled that there was nothing in the pretrial order about this new issue; and, therefore, the trial would be limited to a determination of whether an accord and satisfaction was effected by the return of certain merchandise in October or November of 1966. The trial court rendered judgment on the jury verdict for plaintiff. Defendants appeal and seek a retrial including the excluded issue.

The pretrial order controls the issues of the case where it is made without objection and no motion is made to change

it, unless it is modified at the trial to prevent a manifest injustice. * * *[1]

The record in the instant action does not reveal that defendants made a motion to amend the pretrial order but merely proffered evidence on a matter not in issue. This court recently approved the exclusion by a trial court of evidence concerning an issue defendant attempted to raise during the trial, which had been neither framed in the pleadings nor raised in the pretrial order.[2]

* * * Where objection is made to the evidence on the ground it is outside the pretrial order, the court should be somewhat less liberal in amending the order than they would be if mere pleadings were involved, since the pretrial conference is held shortly before trial and at a time when each side should usually know what it intends to prove. * * *[3]

In Case v. Abrams,[4] the court observed that when the issues have been defined in the pretrial order, they ought to be adhered to in the absence of some good and sufficient reason which must rest largely within the discretion of the trial court. The court quoted the following as an appropriate guideline:

* * * "Treatment of the pretrial order after entry requires an appropriate balance between firmness to preserve the essential integrity of the order, and adaptability to meet changed or newly discovered conditions or to respond to the special demands of justice. * * *"[5]

In the instant action, the issue and evidence defendants sought to introduce did not qualify as a changed or newly discovered condition, since they had knowledge of these facts from November of 1965. Furthermore, defendants have not indicated that the exclusion, in any manner, created a manifest injustice. It was not an abuse of discretion for the trial court to rule that defendants could not inject a wholly inconsistent issue they had failed to assert and have included in the pretrial order.

The judgment of the trial court is affirmed; costs are awarded to plaintiff-respondent.

CROCKETT, C. J., TUCKETT and ELLETT, JJ., and JOSEPH E. NELSON, District Judge, concur.

HENRIOD, J., does not participate herein.

1. Citizens Casualty Company of New York v. Hackett, 17 Utah 2d 304, 306, 410 P.2d 767, 768 (1966); also see Rule 16, U.R.C.P.; Page v. Utah Home Fire Insurance Co., 15 Utah 2d 257, 260, 391 P.2d 290 (1964); 3 Moore's Federal Practice (2d Ed.), Sec. 16, 19, pp. 1130, 1131.

2. Youngren v. John W. Lloyd Construction Co., 22 Utah 2d 207, 210, 450 P.2d 985 (1969).
3. 1A Barron and Holtzoff, Federal Practice & Procedure, Sec. 473, p. 851.
4. 352 F.2d 193 (C.A. 10th, 1965).
5. See Honorable A. Sherman Christenson on "The Pre-Trial Order," 29 F.R.D. 362, 371.