470 P.2d 399

Stephen SIMPSON, Plaintiff and Appellant,

v.

GENERAL MOTORS CORPORATION, Defendant and Respondent.

No. 11630.

Supreme Court of Utah.

June 5, 1970.

Woodrow D. White, Salt Lake City, for plaintiff and appellant.

Harold G. Christensen, Salt Lake City, for defendant and respondent.

CROCKETT, Chief Justice.

The plaintiff Stephen Simpson, an auto body painter for Capital Chevrolet Company in Salt Lake City, sues for injuries he received on being struck in the forehead by a torque tension rod which released while he was conditioning the tail gate assembly on a Chevrolet station wagon for painting. His complaint charged negligence against defendant General Motors in the design of the tail gate assembly, particularly that as it was lowered an apparently harmless tension rod slipped out of its holder and struck him; and that the construction constituted a hidden danger which the defendant should have foreseen and guarded against, and/or given warning about. The case was submitted to a jury upon the issues of defendant's negligence and the plaintiff's contributory negligence. They returned a verdict of no cause of action in favor of the defendant.

On appeal plaintiff contends that the issue of contributory negligence should not have been submitted (a) because of the doctrine of strict liability where an inherently dangerous instrumentality is involved, and (b) that the evidence would not justify a finding of contributory negligence. He also assigns error in rulings on evidence and the giving of instructions.

■ The contention relating to strict liability is an attempt to inject that doctrine into this case for the first time on appeal. It was dealt with neither in the plaintiff's complaint, nor in the pretrial conference, nor at the trial. It is therefore not appropriate to address such a contention to this court. Orderly procedure, whose proper purpose is the final settlement of controversies, requires that a party must present his entire case and his theory or theories of recovery to the trial court; and having done so, he cannot thereafter change to some different theory and thus attempt to keep in motion a merry-go-round of litigation.[1]

*Contributory Negligence*

■ Consideration of the justification for submitting the issue of contributory negligence is analogous to making the same determination as to primary negligence: whether there is a basis in the evidence upon which reasonable minds could conclude that the plaintiff was negligent in that he failed to exercise that degree of care which an ordinary, reasonable and

1. That matters raised for the first time on appeal will not be considered see Hamilton, et al. v. Salt Lake County Sewerage Imp. Dist., et al., 15 Utah 2d 216, 392 P.2d 235, and cases therein cited.

prudent person would have observed under the circumstances.[2]

■ The evidence is to the effect that the usual procedure in doing the job assigned plaintiff did not involve any taking apart of the tail gate, but that he elected to do so upon his own initiative, believing it would be easier to do a more thorough and better job. That doing the paint job in question did not ordinarily involve undoing the tail gate assembly was supported by the testimony of three other auto body painters. This testimony, together with the fact that reasonable minds may well believe that one who relies on his own judgment to deviate from the ordinary and usual procedure should take into consideration the possibility of any increased risk in doing so, justified the trial court in submitting to the jury the question as to whether the plaintiff was contributorily negligent under the standard above set forth.[3]

### Ruling on Evidence

■ Defendant assigns as error the admission in evidence of a service manual of the defendant which showed the procedure involved in removing the tail gate when necessary. An essential part of the plain-

tiff's case was his contention that he had no knowledge and no warning of danger hidden in the tail gate assembly. The facts of the existence of the service manual, its availability to the plaintiff if he asked for it, and its contents, could well be considered as having some bearing both upon the issue whether the defendant had taken reasonable precautions for the safety of those who would be concerned with that assembly, and whether the plaintiff observed reasonable care for his own safety in connection with its removal. Inasmuch as the service manual had some logical relevancy as proof on an essential issue, we do not see any impropriety in admitting it in evidence.[4]

### Instructions

■ Plaintiff's complaint about instructions to the jury includes one about a portion of Instruction No. 16:

> * * * A manufacturer is not required to foresee all possible ways in which a person may injure himself nor to protect against all such possibilities or *against misuse by careless persons.* [Emphasis added.]

It is urged that the emphasized phrase is an imputation of carelessness to the plaintiff. It is neither fair nor realistic to ex-

2. See Stickle v. Union Pacific R. Co., 122 Utah 477, 251 P.2d 867.

3. Ibid.

4. As to the admissibility of evidence depending on logical relevancy to prove an issue, see 31A C.J.S. Evidence 426 et seq.; see Foster v. Keating, 120 Cal. App.2d 435, 261 P.2d 529 (1953); and Sumrall v. Butler, 102 Cal.App.2d 515, 227 P.2d 881 (1951).

cerpt a single phrase from an instruction, nor one instruction from the rest, and assume that the jury regarded it in isolation. They were properly instructed that they should not do so, but that they should consider all of the instructions together.[5] In addition, Instruction No. 19 adequately safeguarded the plaintiff's interests as to the standard of care imposed upon him:

* * * A person is not required to guard against danger in places where it is not expected to be, and if you shall find that the plaintiff exercised ordinary care in the performance of such work, and in the exercise of such ordinary care was unaware of the function of the torque rod assembly and any danger inherent therein, then the plaintiff could not be charged with contributory negligence.

The parties have had a full and fair opportunity to present their evidence and arguments upon the issues to the court and the jury, who after due consideration and deliberation have made their determinations thereon. This is the objective of a trial. When it has been accomplished the administering of evenhanded justice to both sides demands that there should be some solidarity in the result so that it can be relied upon. Accordingly, the established rule is that all presumptions favor the validity of the verdict and judgment; and they will not be overturned unless the attacker shows that there is error which is substantial and prejudicial in the sense that there is a reasonable likelihood that in its absence the result would have been different. We have found no such error here.

Affirmed. Costs to defendant (respondent).

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

5. That an instruction should be considered in its entirety, and along with all of the other instructions, see Badger v. Clayson, 18 Utah 2d 329, 422 P.2d 665; and see Walkenhorst v. Kesler, 92 Utah 312, 67 P.2d 654.