495 P.2d 310

**Ben ARNOVITZ, Plaintiff and Appellant,**

**v.**

**John Louis TELLA, Defendant and Respondent.**

**No. 12491.**

Supreme Court of Utah.

March 21, 1972.

**262**

Francis J. Nielson, of White, Arnovitz & Smith, Salt Lake City, for plaintiff-appellant.

Richard H. Moffat, of Moffat, Welling, Taylor & Paulsen, Salt Lake City, for defendant-respondent.

CALLISTER, Chief Justice:

Plaintiff initiated this action, alleging that defendant wilfully, wantonly and maliciously backed his motor vehicle into plaintiff's automobile, causing plaintiff injuries. Plaintiff pleaded for personal, property and punitive damages. Defendant counterclaimed for property damages. The matter was tried to the court, judgment was rendered to defendant on his counterclaim, and plaintiff's complaint was dismissed for no cause of action. Plaintiff appeals therefrom and seeks an order for a new trial.

The trial court found that on June 8, 1970, defendant's vehicle was struck from the rear by a vehicle owned and operated by plaintiff in the initial collision; then the vehicle of defendant struck plaintiff's in a second collision; both collisions occurred within seconds of each other. The initial collision was caused solely by the negligence of plaintiff. The force of impact of the initial collision propelled defendant's vehicle forward with such force that the front seat was torn loose from the floor; the carburetor linkage governing the accelerator or throttle was broken, causing the vehicle engine to operate uncontrollably in "full acceleration." The transmission of defendant's vehicle was forced into reverse gear, either by the impact itself or by defendant's involuntary actions as a direct result of the force of the impact, causing the second collision, which the court found resulted as a direct and proximate cause of the first collision and plaintiff's negligence. The court fur-

ther found that defendant was free of any negligence, malice, or intent whatsoever. Defendant's vehicle was damaged beyond repair; its value was $500, and defendant was awarded judgment accordingly.

On appeal plaintiff asserts that the trial court committed prejudicial error by its refusal to admit the testimonial evidence of a witness that defendant appeared angry as his car backed toward plaintiff's.

The witness, a Mr. Jensen, did not observe the initial collision; while driving his automobile, he turned a corner and came upon the scene as defendant's automobile was rapidly backing toward plaintiff. Mr. Jensen testified that from his car as he observed defendant across the street, he appeared angry. Defense counsel asserted an objection on the ground that such statement was a conclusion, which the trial court sustained.

Plaintiff urges that testimony of a witness as to the emotion manifested by another is admissible evidence. Since plaintiff's action was predicated on the alleged intentional act of defendant, plaintiff asserts that the exclusion of this testimony constituted prejudicial error.

It is generally held that a witness may testify as to the emotions manifested by another and observed by him. Evidence of the existence or absence of the emotions of fear, anger, joy, excitement, nervousness, earnestness . . . has been admitted. . . . it is frequently said that one's appearance under the stress of an emotion, manifesting that emotion, is a fact; and to say that another appeared to be excited at a given time is not an opinion or conclusion, but is the statement of a fact, within the common knowledge of all persons of normal understanding.[1]

This court explained the admissibility of this type of evidence as follows:

. . . It is generally recognized that opinions or conclusions of ordinary witnesses derived from common experience and observation of things which persons generally are capable of comprehending and understanding are admissible in evidence when the nature of the subject-matter is such that it cannot be reproduced or detailed to the jury precisely as it appeared to the witness at the time, or where it is not practicable to lay before the jury the primary or constituent facts, so that they can draw the proper inferences and form an intelligent judgment. . . .[2]

1. 69 A.L.R. 1168, Anno: Testimony As To Evident Emotions.

2. In Re Miller's Estate, 36 Utah 228, 102 P. 996 (1909); also see Fritz v. Western Union Telegraph Co., 25 Utah 263, 277–278, 71 P. 209 (1902); Rule 56(1), Utah Rules of Evidence.

Although plaintiff's assertion that this testimony was admissible is correct, under the circumstances of this case, the exclusion thereof was not reversible error.

This court has previously stated that when a trial is to the court rather than to a jury, the rulings on evidence need not be scrutinized as critically.[3] Furthermore, a judgment should not be reversed in the absence of error which is substantial and prejudicial in the sense that there would be a reasonable likelihood of a different result in the absence of such error.[4]

A review of the instant record reveals that the witness did testify that defendant appeared to be quite disturbed and angry about something. When the witness subsequently reiterated the same testimony, the objection was then asserted. The trial court was fully apprised of the observations of the witness. Since the witness arrived on the scene after the initial collision and his observations were momentary and made from his automobile while he was operating it in traffic, there is no basis to hold that there was a reasonable likelihood that the result of the trial would have been different if his statement had been admitted in evidence.

Plaintiff further asserts that the evidence was insufficient to support the findings of fact concerning the consequences to the defendant's vehicle from the impact of the initial collision. Plaintiff reasons that since there was testimony that the second collision had twice the impact of the first, the broken seat and carburetor linkage resulted from the later collision. Plaintiff urges that the only plausible explanation of the second collision was that defendant intentionally put his car in reverse and in a fit of anger slammed into plaintiff's vehicle.

The testimony of defendant substantially coincided with the facts found by the trial court. Plaintiff's testimony was somewhat confusing, he appeared to recall only the second collision. A police officer, who interviewed plaintiff shortly after the incident, testified that plaintiff could not remember what happened. Other witnesses testified as to the fact of the two collisions, and the condition of the defendant's engine.

. . . upon appellate review, we do not survey the facts as an appellant desires to see them, nor even as he thinks the trial court should have seen them. But we are obliged to assume that the trial court believed those aspects of the

3. In Re Baxter's Estate, 16 Utah 2d 284, 288, 399 P.2d 442 (1965); Super Tire Market, Inc. v. Rollins, 18 Utah 2d 122, 126, 417 P.2d 132 (1966).

4. Simpson v. General Motors Corp., 24 Utah 2d 301, 305, 470 P.2d 399 (1970).

evidence, and drew such reasonable inferences as could fairly be drawn therefrom in the light favorable to the sustaining of his findings and judgment.[5]

A review of the record reveals substantial, reasonable and credible evidence to support the findings of the trial court. The judgment of the trial court is affirmed. Costs are awarded to defendant.

TUCKETT, HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

5. W. P Harlin Construction Co. v. Continental Bank and Trust Co., 23 Utah 2d 422, 424, 464 P.2d 585, 586 (1970).