499 P.2d 1290

**Kenneth WHITMORE, a minor by and through his guardian ad litem, Sam O. Whitmore, Plaintiff,**

**v.**

**The INDUSTRIAL COMMISSION OF UTAH et al., Defendants.**

**Kenneth WHITMORE, a minor, by and through his guardian ad litem, et al., Plaintiffs and Appellants,**

**v.**

**CALAVO GROWERS OF CALIFORNIA, a corporation, and Melvin J. Romney, Defendants and Respondents.**

No. 12730, 12367.

Supreme Court of Utah.

July 25, 1972.

Ellett, J., dissented and filed opinion.

Robert F. Orton and Earl J. Peck, of Nielsen, Conder, Hansen & Henriod, Salt Lake City, for plaintiff.

LeRoy S. Axland, of Parsons, Behle & Latimer, Salt Lake City, for Calavo and Employers Ins.

L. L. Summerhays, of Strong & Hanni, Salt Lake City, for Romney.

CALLISTER, Chief Justice:

Plaintiff, a minor, through his guardian ad litem, initiated an action in the district court to recover damages for the injuries he sustained when he fell from the rear of a pickup truck being operated by the defendant, Melvin J. Romney. The initial complaint alleged negligence and wilful misconduct on the part of Romney in allowing said 14-year-old minor to ride in the rear of the truck as well as in his manner of operating the vehicle. Subsequent-

ly, plaintiff filed a motion to join Calavo Growers of California as an additional defendant; and, upon the granting of this motion, plaintiff filed an amended complaint, wherein he alleged that at all times mentioned in the complaint Romney was an agent of Calavo and was acting within the course and scope of his employment, and that plaintiff was in the employ of Calavo and was acting in the course and scope of his employment at the time he was thrown from the truck. In a second cause of action plaintiff alleged that he was an employee of Romney, with the remainder of the pleading similar to the first cause of action. In response thereto, defendants filed motions to dismiss, wherein they cited Section 35–1–60, U.C.A.1953, which provides that Workmen's Compensation shall be the exclusive remedy against any employer or against an agent or employee of the employer for injuries sustained by an employee. The motions were accompanied by affidavits, which indicated that the corporate defendant had in effect at the time of the incident a valid and subsisting Workmen's Compensation policy of insurance. Based on the foregoing, the trial court dismissed plaintiff's action with prejudice.

Thereafter plaintiff filed a claim with the Industrial Commission for workmen's compensation. The claim was opposed on the ground that it had been filed more than three years after the accident or from the date of the last payment of compensation, Section 35–1–99, U.C.A.1953. The claimant urged that his employers were estopped to assert Section 35–1–99 or in the alternative the payments he received from the insurer of Romney's vehicle constituted "payment of compensation" within the meaning of the statute. The matter was heard by a hearing examiner, who denied the claim on the ground that it was filed more than three years after the accident or date of last payment of compensation. Upon a motion for review before the Industrial Commission, the order of the hearing examiner was affirmed.

Both an appeal from the judgment of the trial court and a petition of review of the order of the Industrial Commission are consolidated herein.

On June 1, 1967, Donald Romney, the son of defendant Melvin Romney, invited plaintiff and another friend to go to Growers Market the next day to assist in sorting coconuts. Plaintiff's father made arrangements to drive the boys to the market and Mr. Romney agreed to take them home. On June 2, 1967, the boys devoted their time to sorting coconuts; then they loaded certain distressed rose bushes onto the bed of Mr. Romney's pickup truck. The boys rode in the back with the bushes. As Mr. Romney drove along the freeway plaintiff fell from the moving vehicle and sustained injuries.

The boys received money from a petty cash fund provided by Calavo to Mr. Romney, who is the district manager of the corporate defendant.

Since the motions to dismiss were joined with matters outside of the pleadings, the court treated the motions as ones for summary judgment, Rule 12(b), U.R.C.P. Plaintiff urges that the trial court erred since there were genuine issues in dispute as to certain material facts; namely, whether Romney was an independent contractor or an employee or agent of Calavo; whether plaintiff was an employee of Calavo or of Romney in his status as an independent contractor. Plaintiff contends that if he were an employee of independent contractor Romney, he would be entitled to maintain the instant action by reason of Section 35-1-57, U.C.A.1953, because Romney had not complied with Section 35-1-46, U.C.A.1953, the statutory methods of securing workmen's compensation for injured employees.

Rule 56(e), U.R.C.P., provides:

. . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Plaintiff filed two counteraffidavits. One, by plaintiff's mother, stated that shortly after the accident she had a conversation with defendant Romney, who informed her that there was no workmen's compensation which would compensate plaintiff for his injuries. The other affidavit, by plaintiff's attorney, stated that prior to his filing the amended complaint he had contacted the policy clerk of the Industrial Commission, and that she had informed him that she had no record of a filing by Calavo or Romney in accordance with the Workmen's Compensation Act.

There is nothing in the record to indicate that plaintiff directed the court's attention to the allegedly disputed issues. Plaintiff did not by affidavit or otherwise provide the court with any facts which he now contends are in issue.

Plaintiff further asserts that defendant Romney waived his right to assert the defense that Workmen's Compensation was plaintiff's exclusive remedy because he had not so pleaded in his answers to the complaint and amended complaint, Rule 8(c) and (d), U.R.C.P.

█ Plaintiff did not assert any ground for recovery based on the employer-employee relationship in his initial complaint.

In response to the amended complaint, defendant pleaded that plaintiff had failed to state a claim upon which relief could be granted, the ground upon which in combination with an affidavit, the trial court awarded judgment. Furthermore, there is nothing in the record to indicate that plaintiff asserted before the trial court this alleged waiver.

The judgment of the trial court is affirmed.

Claimant filed his application for compensation with the Industrial Commission on December 18, 1970, which was more than three years from the date of the accident or date of last payment of compensation. The hearing examiner concluded as a matter of law that the Industrial Commission was without jurisdiction to hear the claim or grant relief thereunder by virtue of the claim having been untimely filed, Section 35–1–99, U.C.A.1953.

On review applicant asserts that there was no evidence to support the hearing examiner's finding that at no time since the accident had Calavo, or any representative of Calavo, paid any amount to applicant by way of compensation on behalf of Calavo. The examiner found that Romney's personal insurance carrier, State Farm Mutual, negotiated a settlement for the injuries applicant had sustained and paid certain medical benefits.

Applicant contends that the medical benefits constituted "payment of compensation" within the provisions of Section 35–1–99, U.C.A.1953; and, therefore, his claim was timely filed.

Section 35–1–44(6) provides:

"Compensation" shall mean the payments and benefits provided for in this title.

 Section 35–1–46, U.C.A.1953, provides the three alternative methods by which an employer must secure compensation. Romney's private automobile insurer does not fall within the purview of this statute. Furthermore, there is not a scintilla of evidence to indicate State Farm represented Calavo to pay benefits on its behalf. Romney testified that his truck was his private vehicle, which he used as transportation to and from work; State Farm was the insurer of this vehicle. The examiner's finding was supported by substantial, competent evidence.

Claimant further asserts that defendants were estopped to assert the three-year-limitation period by reason of their conduct which misled him.

 The hearing examiner found that there was no conduct on the part of Calavo which would estop it from claiming the benefit of the limitation period of Section 35–1–99. The sole evidence to support claimant's assertion of an estoppel was the testimony concerning Mr. Romney's con-

versation with applicant's parents, when he purportedly informed them that there was no compensation on claimant. Mr. Romney denied this conversation.

In regard to negative findings, this court is committed to the rule that such findings will not be disturbed unless it appears that the Commission has arbitrarily or capriciously disregarded the uncontradicted evidence.[1]

Finally, the applicant contends that the hearing examiner erred in not ruling that the limitations period of Section 35–1–99, U.C.A.1953, was tolled during claimant's minority by Section 78–12–36, U.C.A.1953.

■ This issue was neither submitted to the hearing examiner nor to the Industrial Commission; this matter will not be considered for the first time on appeal.[2]

Since the findings and conclusions of the Industrial Commission are binding upon this court, if there be credible, competent evidence to support them,[3] the order of the Commission is affirmed.

TUCKETT and HENRIOD, JJ., concur.

CROCKETT, J., concurs in the result.

1. *Hauser v. Industrial Commission,* 77 Utah 419, 296 P. 780 (1931).

2. Wagner v. Olsen, 25 Utah 2d 366, 370, 482 P.2d 702 (1971) ; Simpson v. General Motors Corp., 24 Utah 2d 301, 303, 470 P.2d 399, 401 (1970).

ELLETT, Justice (dissenting) :

I dissent. The prevailing opinion and the Industrial Commission are denying any relief to a minor employee because of the wording of Section 35–1–99, U.C.A.1953, to wit:

. . . If no claim for compensation is filed with the industrial commission within three years from the date of the accident . . ., the right to compensation shall be wholly barred.

I can see that an adult employee not so mentally or physically disabled as to be incapable of giving the required notice should be barred, as he is presumed to know what the law is regarding the filing of a compensation claim. However, where a minor employee is involved, a court should not deprive him of his right to a recovery under the Workmen's Compensation Act for an injury received in the course of his employment unless it appears that he was of such an age and mentality that he knew or should have known that he would waive his claim unless he filed it within the three-year period following injury.

Section 78–12–36, U.C.A.1953, provides that when a minor is entitled to bring an action, other than for the recovery of real

3. Utah Packers, Inc. v. Industrial Commission, 24 Utah 2d 230, 234, 469 P.2d 500 (1970).

property, the time of his minority is not a part of the time limited for the commencement of the action.

When the Legislature of Utah enacted our Workmen's Compensation Act, it did so with a view of *assisting* the workman. Without the Act, the minor could sue for damages and not be barred by any limitation period. Under the compensation statute the minor may not sue his employer at all but must file a claim for compensation. I cannot believe the Legislature by enacting the statute meant to afford to the insurance carrier of an employer a benefit which the employer himself never had before the statute was enacted.

In the case of Linneberry v. Mebane, 219 N.C. 257, 13 S.E.2d 429 (1941), a minor employee failed to file his claim for injury during the time required by the Act. The Supreme Court of North Carolina reversed the commission, saying that because an infant could neither sue nor defend an action in his own name but could only act through a guardian, the limitation of time to file a claim would be tolled until he had a guardian appointed or until he became sui juris, whichever first occurred.

Likewise, in Daniels v. General Box Co., 66 S.W.2d 944 (Mo.App.1934), it was held that infancy without guardianship tolled the running of limitations on the time required to file a claim.

It seems peculiar to me that an infant who cannot receive money for a claim in his own name and give a valid release therefor when settlement is made will be barred from a right to recover when he unwittingly fails to file his claim within the statutory period.

While the applicant did not raise the question of his minority before the Industrial Commission, the fact of his minority was well known to all, and in such cases the commission should take notice of the matter whether raised by the child or not. The commission and the child are not adversaries, and the limitation on filing is not the same as the statute of limitation which is waived if not pleaded. I am of the opinion that the reasons I advanced in my dissenting opinion in the case of Gallegos v. Midvale City, 27 Utah 2d 27, 492 P. 2d 1335 (1972), are sound and applicable to this matter.

I would, therefore, remand this matter for a factual determination as to whether the minor knowingly waived his right to claim compensation by his failure to file his claim within the three-year period following his injury, and if he did not do so, then I would order the commission to assume jurisdiction of the claim.