David BOWEN, Plaintiff and Appellant,

v.

Ruth OLSEN, Defendant and Respondent.

No. 15137.

Supreme Court of Utah.

March 3, 1978.

Scott, Young & Wilson, Jeril B. Wilson, Provo, for plaintiff and appellant.

Jackson B. Howard, Provo, for defendant and respondent.

HALL, Justice.

Plaintiff appeals from a judgment denying specific performance of an option clause in an Earnest Money Receipt and Offer to Purchase. He asserts the district judge erred in determining that his realtor agent had authority to waive the option and that the agreement was abrogated and merged into the subsequent deed and agreement entered into by the parties.

Plaintiff was never personally present during any of the negotiations between the parties but was represented by an agent, Gardner, throughout the whole transaction. Gardner prepared the Earnest Money Receipt and Offer to Purchase signed by the parties and it was dated December 22, 1975. By its terms plaintiff agreed to purchase and defendant agreed to sell certain real property and the sum of $1,000 was tendered as earnest money. The option in question pertains to a totally separate parcel of real property and Gardner did not insert the option language into the agreement until January 18, 1976.

The closing was effected on April 20, 1976, with no mention whatsoever of the option. However, there was evidence that Gardner had previously told defendant, her agent, and other interested persons that plaintiff did not want the property that was the subject of the option. Plaintiff subsequently appeared and signed the closing documents without reservation.

The Earnest Money agreement contained the following language:

It is understood and agreed that the terms written in this receipt constitute the entire preliminary contract . . . ..
It is further agreed *that execution of the final contract shall abrogate this Earnest Money Receipt and Offer to Purchase.* [Emphasis added.]

The trial court observed that the agreement drafted by plaintiff was a single integrated agreement with adequate consideration to support all of its terms, including

the option, and consequently concluded that the option was abrogated at the time of final contract.

We agree with the trial court's analysis of the facts and its conclusion as to the legal effect of the abrogation clause contained in the agreement.

The delivery and acceptance of a deed, executed pursuant to the provisions of a precedent contract for the sale of real property, may merge rights conferred by the contract into it.[1] Stipulations in the prior contract, of which the conveyance is not a performance, are superseded by the deed if the parties intended to surrender them. Whether they so intended is to be determined from the evidence.[2] These principles are founded upon the privilege which parties always possess to change their contract obligations by further agreement prior to performance.

The actual authority of an agent may be implied from the words and conduct of the parties and the facts and circumstances attending the transaction in question. Implied authority embraces authority to do whatever acts are incidental to, or are necessary, usual, and proper to accomplish or perform, the main authority expressly delegated to the agent.[3]

Whenever the performance of certain business is confided to an agent, such authority carries with it, by implication, authority to do collateral acts which are the natural and ordinary incidents of the main act or business authorized.[4]

The evidence in this case is that plaintiff pursued the entire transaction solely through an agent. It was the agent, with apparent or implied authority, that inserted the option language *after* the agreement was signed by the plaintiff. It was not accompanied by any additional consideration so, for it to have any validity, it necessarily had to relate back to and be supported by the same consideration given to support the basic agreement. The effect of this was to render the contract provisions inseverable and the trial court so found. The fact that plaintiff received full credit for the earnest money paid at the time of closing leaves plaintiff's severability argument to no avail, for if the option is viewed as severable, and thus not subject to the abrogation provision of the agreement, it nevertheless must fail for lack of any consideration remaining to support it.

There is also evidence indicative of the intention of plaintiff regarding the surrender of the option. The circumstances under which the agent inserted the option provisions imply authority to do so and it necessarily follows that such was not his sole authority and that he may very well perform subsequent acts, including the surrender thereof. The agent's intentions to surrender the option are clear by reason of his statement of such to defendant and other interested persons, followed by his appearance at the closing and permitting it to be completed without preserving any right to the option. Plaintiff also clearly demonstrated a lack of intention to perpetuate the option by subsequently affixing his signature on the closing documents and accepting them and the deed of conveyance without equivocation. Such conduct in and of itself may well be viewed as a waiver, or a ratification of his agent's acts and representations, or simply as confirmation of the agent's delegated authority to so act.

The trial court's decision is adequately supported by the evidence which requires this court, under the established rules of appellate review, to defer to its judgment.

Affirmed. Costs awarded to defendant.

ELLETT, C. J., and CROCKETT and WILKINS, JJ., concur.

MAUGHAN, J., concurs in result.

---

1. For a general statement of the rule see 77 Am.Jur.2d, Vendor and Purchaser, Sec. 290.

2. *City of Bend v. Title & Trust Co.*, 134 Or. 119, 289 P. 1044 (1930).

3. 3 Am.Jur.2d, Agency, Sec. 71.

4. Mecham on Agency, Sec. 1781, cited in *Park v. Moorman Mfg. Co., et al.*, 121 Utah 339, 241 P.2d 914 (1952).