Judy BAXTER, Plaintiff and
Respondent,

v.

Thomas C. STUBBS, Frank Horton and
Squaw Peak, Inc., Defendants
and Appellants.

· No. 16842.

Supreme Court of Utah.

Oct. 29, 1980.

Thomas W. Seiler, Orem, for defendants and appellants.

Matt Biljanic, Midvale, for plaintiff and respondent.

CROCKETT, Chief Justice:

Plaintiff, the owner of a parcel of commercial property located in Utah County, entered into an earnest money agreement for its sale to the defendant, Thomas C. Stubbs. Subsequently, an addendum to that agreement was executed between plaintiff and Stubbs whereby plaintiff was granted a 25 percent "... limited position in the limited partnership that is taking title." Thereafter, plaintiff executed a warranty deed conveying title to the subject property to the defendant Squaw Peak, Inc., a corporation established by Stubbs and the defendant Horton. The deed contained no mention of plaintiff retaining 25 percent interest therein.

The position essayed by the plaintiff before the trial court, and here, is that inasmuch as she was transferring title to the property to the partnership, in which it had been agreed that she had a 25 percent interest, the result was that she owned 25 percent interest in the property. The trial

court made findings in accordance with her contention and awarded her 25 percent interest in the assets of the partnership, which included the property in question.

On appeal, the defendants argue that the terms of the earnest money agreement and the addendum were merged into the warranty deed, thus extinguishing any claim plaintiff might have had under the earlier agreement.

■ We do not question the general proposition that when a deed is executed pursuant to preceding contract of sale it is generally presumed to merge the rights existing under the contract.[1] However, the rule is not so all–encompassing and exclusive as to prevent the parties from having collateral agreements concerning the same subject matter.[2] As with any contract issue, the controlling inquiry is to determine the intention of the parties; and this includes the question of any merger.[3]

■ In the instant situation, the 25 percent interest in the partnership had already been granted to the plaintiff by the addendum agreement. According to plaintiff's version of the evidence, the warranty deed was given in the carrying out of that plan, but was not intended to divest her of her 25 percent interest in the partnership, whose assets included the property in dispute.

Upon the basis of what has been said above, indulging the trial judge his prerogative of judging the credibility of the evidence, and according his findings and judgment the presumptions of verity to which they are entitled, we are not persuaded that the defendants have sustained their burden of showing that there was error which would justify upsetting them.

Affirmed. Costs to plaintiff (respondent).

MAUGHAN, WILKINS, HALL and STEWART, JJ., concur.

1. *Bowen v. Olsen*, Utah, 576 P.2d 862 (1978).

2. *Youngren v. John W. Lloyd Construction Company*, 22 Utah 2d 207, 450 P.2d 985 (1969).

3. *Stubbs v. Hemmert*, Utah, 567 P.2d 168 (1977); *Terry's Sales, Inc., et al. v. Vander Veur*, Utah, 618 P.2d 29 (1980).