**Roy LEWIS, Plaintiff and Appellant,**

v.

**Dee MOULTREE and Plastic Specialties, Inc., Defendants and Respondents.**

No. 16951.

Supreme Court of Utah.

March 30, 1981.

R. Clark Arnold, Langdon T. Owen, Jr., Salt Lake City, for plaintiff and appellant.

Darwin C. Hansen, Bountiful, for Moultree.

Stephen B. Nebeker, Richard A. Rappaport, Salt Lake City, for Plastic.

HALL, Justice:

Plaintiff appeals an order of the district court which stays his personal injury action, pending a determination by the Industrial Commission of his employment status.

At the time this cause of action arose, plaintiff was engaged by defendant Plastic Specialties as an installer of countertops. As such, on February 24, 1977, he was sent to a house under construction and owned by defendant Moultree. While seeking a way to enter the house, plaintiff fell into a chimney pit and was injured.

On February 14, 1978, plaintiff filed this negligence action against Moultree, and subsequently amended his complaint to include a claim in negligence against Plastic. Alternatively, plaintiff alleged he was an employee of Plastic but that Plastic had not covered him under its workmen's compensation policy.

Plastic's answer raised no workmen's compensation defenses and its answers to interrogatories stated that plaintiff was indeed not covered by workmen's compensation. Two pre-trial orders were entered, neither of which preserved workmen's compensation coverage as a trial issue. On the contrary, both orders recite as uncontroverted the fact that plaintiff was not covered by Plastic under workmen's compensation at the time of his injury.

On November 5, 1979, plaintiff filed a "Claim for Protection of Rights" with the Industrial Commission for the alleged purpose, not of making a claim for benefits, but only to toll the statute of limitations in the event he ultimately chose to have the employment issue determined by the Commission.

Both plaintiff and Plastic took inconsistent positions at various times as to whether plaintiff was an employee or an independent contractor. In January, 1980, the trial court denied Plastic's motion for summary judgment which sought a ruling that plaintiff was an independent contractor as a matter of law. Plastic then moved and was permitted to amend its answer to allege that if plaintiff was an employee, his exclusive remedy was with the Industrial Commission. In so doing, Plastic acknowledged that it had not paid workmen's compensation premiums for plaintiff and eight other installers since 1975 when they were changed from hourly wage earners to piece workers. Nevertheless, it theorized that since it had in fact paid premiums for twenty of its other clerical and manufacturing employees, it was a complying employer and would therefore be entitled to coverage for plaintiff simply by paying the previously unpaid premiums. Plastic then moved to stay the proceedings pending the determination by the Industrial Commission of plaintiff's employment status. The court granted the motion and stayed the proceedings until such time as the Industrial Commission determines whether plaintiff is in fact covered by workmen's compensation. The court also directed the entry of a final judgment so as to facilitate this appeal.[1]

Plaintiff challenges the propriety of 1) the stay of proceedings and 2) the grant of permission to amend the answer to include the defense of workmen's compensation coverage.

It lies within the inherent powers of the courts to grant a stay of proceedings. It is a discretionary power, and the grounds therefor necessarily vary according to the requirements of each individual case. A common ground for a stay is the pendency of another action involving identical parties and issues and where a decision in one action settles the issues in another, or when the decision in an action is essential to the decision in another.[2]

The facts and circumstances of this case do not conform well to the foregoing propositions. Plaintiff chose as his forum the district court. He had not previously invoked the jurisdiction of the Industrial Commission, nor was any action pending before the Commission. Indeed, in the literal sense, no action is yet pending before the Commission. The "protection of rights" document was not filed with the Commission until some 18 months after this lawsuit was initiated. Also, the purpose of the document, as expressed therein, was only to toll the statute of limitations and thereby leave open that avenue of relief in the event the court should determine that plaintiff is an employee. Unless and until plaintiff in fact files a claim for compensation, and requests a hearing thereon, the Commission will take no action. In the analogous case of *Whitmore v. Industrial Commission*,[3] no such precaution was taken to toll the statute, and this Court sustained the ruling of the trial court that the employee's claim was barred as being untimely filed.

U.C.A., 1953, 35–1–57 and 35–1–58 specifically afford an injured employee the option to proceed against his noncomplying employer with a civil action in the courts, and thus serve as exceptions to the otherwise exclusive remedy provisions of the Workmen's Compensation Act.[4] These sections of the Act preserve to the employee the

---

1. Pursuant to Rule 54(b), U.R.C.P.

2. 1 Am.Jur.2d, Actions, § 92, et seq.; see also, *Power Train, Inc. v. Stuver*, Utah, 550 P.2d 1293 (1976).

3. 28 Utah 2d 185, 499 P.2d 1290 (1972).

4. *Ortega v. Salt Lake Wet Wash Laundry*, 108 Utah 1, 156 P.2d 885 (1945).

common-law civil right of an action against the employer who has failed to comply.[5]

It was also permissible for plaintiff to plead alternative causes of action.[6] In the case of *Rosander v. Larsen*,[7] three alternative causes of action were set forth in the complaint, the first two in negligence and the third under the Workmen's Compensation Act.[8] The trial court required the plaintiff therein to make an election of causes. In reversing, this Court sanctioned alternative pleading in the following language:

> Rule 8(e) of our Rules of Civil Procedure permits either party to plead in the alternative, either in one count or defense, or in separate counts or defenses. To require a party to make an election between the alternative counts or defenses, particularly at the pretrial state of the proceedings, would be to emasculate the rule and render it meaningless. We therefore conclude that the lower court, in the instant case, committed reversible error. [Citations omitted.]

The Industrial Commission is without jurisdiction to grant the relief contemplated by U.C.A., 1953, 35–1–57, *supra*, and only the courts can enforce the penalty provisions thereof against noncomplying employers. Those provisions are significant and highly favorable to injured employees since they preclude the employer from invoking the defenses of the fellow-servant rule, assumption of risk and contributory negligence. Also, proof of injury thereunder constitutes a prima facie case of negligence on the part of the employer and places the burden upon the employer to show freedom from negligence. It is thus to be seen that the stay order was prejudicial to the rights of plaintiff to pursue his claims in the courts, and hence an abuse of the trial court's discretion.

The remaining issue presented by this appeal bears upon the propriety of permitting Plastic to amend its answer to include the defense of workmen's compensation coverage, notwithstanding the fact that such issue had been specifically excluded as a trial issue by both of the pre-trial orders.

Plaintiff cites Rule 16, U.R.C.P., as supportive of his contention that the pre-trial order should not have been modified in the absence of a showing of "manifest injustice." Said Rule provides, in pertinent part, as follows:

> ... [a pre-trial] order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice ....

The foregoing Rule speaks only of modification of the pre-trial order at the time of trial. However, the Rule is not to be read as precluding modifications thereof *prior* to trial for good cause shown. Particularly is this so in light of Rule 15, U.R.C.P., which permits amendments "by leave of court" which "shall be freely given when justice so requires."

In *Kaiser Aluminum & Chemical Sales, Inc. v. Lords*,[9] this Court recognized that when the issues have been defined in the pre-trial order, they ought to be adhered to in the absence of some good and sufficient reason which must rest largely within the discretion of the trial court.[10] The Court also adopted the following as an appropriate guideline:

> ... treatment of the pretrial order after entry requires an appropriate balance between firmness to preserve the essential integrity of the order, and adaptability to meet changed or newly discovered conditions or to respond to the special demands of justice ....[11]

5. *Peterson v. Sorensen*, 91 Utah 507, 65 P.2d 12 (1937).

6. Rule 8(e), U.R.C.P.

7. 14 Utah 2d 1, 376 P.2d 146 (1962).

8. U.C.A., 1953, 35–1–46.

9. 23 Utah 2d 152, 460 P.2d 321 (1969).

10. Citing *Case v. Abrams*, 352 F.2d 193 (10th Cir., 1965).

11. Quoting Honorable A. Sherman Christensen on "The Pre-Trial Order," 29 F.R.D. 362, 371.

In *Gillman v. Hansen*,[12] this Court stated the principle as:

> Ordinarily the allowance of an amendment by leave of court is a matter which lies within the sound discretion of the trial court. This discretion, however, is to be exercised in the furtherance of justice. *The rule in this state has always been to allow amendments freely where justice requires, and especially is this true before trial.* [Emphasis added, citation omitted.]

 A prime consideration in determining whether an amendment should be permitted is the adequacy of an opportunity for the opposing party to meet the newly raised matter. In *Thomas J. Peck & Sons, Inc. v. Lee Rock Products, Inc.*,[13] this Court stated the matter as follows:

> Some tempest has been raised about the court allowing the plaintiff to make tardy amendments to the pleadings. In doing so, he [the trial judge] wisely and properly stated: "The pleadings are never more important than the cause that is before the court .... There can be no prejudice in this case because we'll give ample time for any answer ...." This is in harmony with what we regard as the correct policy: of recognizing the desirability of the pleadings setting forth definitely framed issues, but also of permitting amendment where the interest of justice so requires, and the adverse party is given a fair opportunity to meet it. [Citations omitted.]

In the instant case, plaintiff has had and will have an adequate opportunity to meet the additional issue raised. He has not been placed in a position of distinct disadvantage or prejudice. On the contrary, neither party is placed in a position of any greater advantage or disadvantage by virtue of the amendment to the pleadings. Also, the amendment having been made long before trial, it was not incumbent upon Plastic to demonstrate "manifest injustice" in order for the trial court to appropriately exercise its discretion in authorizing the pleadings to be amended. On the other hand, no "manifest injustice" is evident as against plaintiff by reason of the amendment.

The case is remanded with direction to vacate the stay and for further proceedings consistent with this opinion. No costs awarded.

MAUGHAN, C. J., and STEWART, HOWE and OAKS, JJ., concur.

---

**12.** 26 Utah 2d 165, 486 P.2d 1045 (1971).

**13.** 30 Utah 2d 187, 515 P.2d 446 (1973).